IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KERRY LEE WINSLOW,**

    Plaintiff,

v.                                                             Civil Action No. **3:08CV184**

**GENE M. JOHNSON,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### I. Preliminary Review

The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims

the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Procedural History

Plaintiff filed this complaint on March 21, 2008. By order entered on April 4, 2008, this action was conditionally filed. On May 28, 2008, and June 12, 2008, Plaintiff filed motions to amend his complaint. By Order entered on July 23, 2008, the Court denied Plaintiff's motions, explaining that plaintiffs may not spackle new allegations or defendants onto the original complaint. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169-70 (E.D. Va. 1981). The July 23, 2008 Order directed Plaintiff to particularize his original complaint by filing a proposed amended complaint. On July 30, 2008, Plaintiff submitted an amended complaint, which has been filed.

## III. Summary of Allegations and Claims

In his amended complaint, Plaintiff names the following individuals as defendants in their official and unofficial capacities: Gene M. Johnson, Director of the Virginia Department of Corrections ("VDOC"); Virginia Beach Correctional Center ("VBCC") Sheriff Paul J. Lanteigne; VBCC Deputy John Mapes; VBCC Deputy Mirelas; VBCC Deputy Anuswith; VBCC Deputy A.R. Meredith; and VBCC Deputy Asuncion. Plaintiff is also suing an unknown employee of Keefe Supply company. Plaintiff makes the following claims:

| | |
|---|---|
| Claim One: | Defendant Gene M. Johnson violated Plaintiff's rights under the Due Process[1] and Equal Protection[2] clauses of the Fourteenth Amendment by failing to transport Plaintiff from the Chesapeake |

---

[1] "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

[2] "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

3

|               | City Jail to a VDOC receiving unit within sixty days of his conviction, as required by state law. |
|---|---|
| Claim Two:    | Defendants Lanteigne, Mapes, Anuswith, Mirelas, and the unknown Defendant violated Plaintiff's rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment by interfering with his access to the courts, specifically by |
|               | (A) denying Plaintiff access to the law library in conjunction with his writ of mandamus; |
|               | (B) denying him copies of his inmate trust accounts; |
|               | (C) denying access to material needed to attack convictions from other jurisdictions; and, |
|               | (D) denying him the right to send money from his inmate trust account to the United States District Court for the Eastern District of Virginia, Richmond Division, in order to obtain copies of a previously filed habeas petition. |
| Claim Three:  | Defendants Lanteigne and Mirelas subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment[3] by |
|               | (A) placing him in general population after other inmates discovered that he was to testify against another prisoner, resulting in verbal abuse and mental torture; and, |
|               | (B) placing him in a feces-covered cell for approximately five days. |
| Claim Four:   | Defendant Meredith subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment by |
|               | (A) reading aloud material concerning Plaintiff testifying against another inmate, and leaving the papers on the floor where other inmates could read them; |
|               | (B) smashing Plaintiff's face into the wall; and, |
|               | (C) leaving Plaintiff's cell unsecured while he attended court, resulting in it being vandalized. |
| Claim Five:   | Deputy Mirelas subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment by using the classification process to retaliate against him for exercising his constitutional rights. |

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII.

| | |
|---|---|
| Claim Six: | Deputy Asuncion tried to provoke Plaintiff into a confrontation. |
| Claim Seven: | Defendants Lanteigne and Mirelas subjected Plaintiff to cruel and unusual punishment by housing him in a cellblock for mentally ill prisoners. |

(Pl.'s Mem. in Supp. of Mot. to Am. 2-12.) Plaintiff requests $150,000 in damages.

### A.  Claim One

Plaintiff alleges that he was held in the VBCC approximately five months longer than the sixty days allowed by Virginia Law. *See* Va. Code Ann. § 53.1-20(B) (West 2008). Plaintiff contends these actions denied him due process and equal protection of the law. Prisoners, however, have no independent constitutional right to be housed in any particular facility. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983). Furthermore, Plaintiff has not alleged facts that suggest that being housed in VBCC imposed any "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *see also Counts v. Newhart*, 951 F. Supp. 579, 585 (E.D. Va. 1996) (holding that the Virginia statute does not create any constitutionally protected interest). Because Plaintiff has not established a protected liberty interest, his due process claims fail.

Plaintiff's Equal Protection claim must also fail. Because prisoners are not a suspect class and no fundamental right is involved, Plaintiff must show that he "has 'been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *In re Premier Auto. Servs., Inc.*, 492 F.3d 274, 283 (4th Cir. 2007) (*quoting Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *citing City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440-42 (1985); *Tri-County Paving, Inc. v. Ashe County*, 281 F.3d 430, 439 (4th Cir. 2002)); *see also Strickler v. Waters*, 989 F.2d 1375, 1389

(4th Cir. 1993). Plaintiff alleges that VBCC policies denied him access to the courts in the period during which he should have been housed in a VDOC facility. As a result, he was treated differently than inmates in VDOC custody. As explained above, Plaintiff had no right to be incarcerated in a VDOC institution; therefore, while housed at VBCC, he was not "similarly situated" to inmates already in VDOC custody. *See Counts*, 951 F. Supp. at 585 (*citing Strickler*, 989 F.2d at 1389); *see also Khaliq v. Angelone*, 72 F. App'x 895, 899-900 (4th Cir. 2003) (No. 02-07365), *available at* 2003 WL 21689152, *2-4. Plaintiff also fails to allege facts from which the Court could conclude that there was no rational basis for housing him in a local jail instead of a state prison. *See Counts*, 951 F. Supp. at 585; *see also Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008). It is therefore RECOMMENDED that Claim One be DISMISSED, and that Defendant Johnson be DISMISSED.

**B.  Claim Two**

Plaintiff makes several claims relating to the denial of legal materials. The Constitution guarantees inmates the right of reasonable access to the courts, not the right to a law library of a certain quality. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). Because there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Therefore, a plaintiff must identify with specificity a non-frivolous legal claim that the defendants' actions prevented him from litigating. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 353 n.3; *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Plaintiff fails to make such a showing. Indeed, he admits that his petition for a writ of

mandamus was successful, that his filings were all timely, and that he was able to obtain a free copy of his earlier habeas petition from the Eastern District of Virginia. (Pl.'s Mem. in Supp. of Mot. to Am. 4-7.) Accordingly, it is RECOMMENDED that Claims 2(A), 2(B), 2(C), and 2(D) be DISMISSED, and that Defendants Mapes, Anuswith, and the Unknown Defendant be DISMISSED.

C. **Eighth Amendment Claims**

Plaintiff claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment on several occasions. Prison conditions that amount to "a serious deprivation of a basic human need" violate the Eighth Amendment. *Strickler*, 989 F.2d at 1379. The United States Court of Appeals for the Fourth Circuit has explained that a deprivation is not serious unless there is "'evidence of a *serious medical and emotional* deterioration attributable to the challenged condition.'" *Id.* at 1380 (*quoting Lopez v. Robinson*, 914 F.2d 486, 490 (4th Cir. 1990) (internal quotations omitted)). Thus, in order to state an Eighth Amendment claim, "a prisoner must allege a 'serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).[4]

In Claim 3(A), Plaintiff alleges that he was subject to verbal abuse and assault when Defendants Lanteigne and Mirelas did not remove him from general population after inmates discovered that he was testifying against another inmate. Plaintiff claims that another inmate

---

[4] Prison conditions that pose "a substantial risk of such serious harm" may also violate the Eighth Amendment. *De'Lonta*, 330 F.3d at 634 (*citing Helling v. McKinney*, 509 U.S. 25, 33-35 (1993)). Petitioner does not, however, seek the injunctive relief that would remedy this type of violation. Moreover, Petitioner is no longer incarcerated at VBCC, and he does not complain about the conditions at his current place of confinement.

assaulted him on one occasion, but Plaintiff does not allege that any serious or significant injury resulted. Plaintiff's allegation that he experienced overwhelming stress similarly fails to establish an Eighth Amendment violation. *See Smith v. Bledsoe*, No. 7:06-CV-698, 2007 WL 152117, at *2 (W.D. Va. Jan. 16, 2007) (holding that stress resulting in lack of sleep and skin rash was insufficient to satisfy injury requirement). It is therefore RECOMMENDED that Claim 3(A) be DISMISSED.

In Claim 3(B), Plaintiff alleges that the walls and bars of the cell to which he was moved were covered with feces, and he was denied cleaning supplies for four or five days. These filthy conditions may have infringed upon Plaintiff's "basic human need" for sanitary living conditions. *See Strickler*, 989 F.2d at 1379; *see also Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004) (citing cases). Because Plaintiff does not claim that a serious or significant injury resulted, however, he fails to allege a serious deprivation in violation of his Eighth Amendment rights. It is therefore RECOMMENDED that Claim 3(B) be DISMISSED.

In Claim 4(A), Plaintiff alleges that Defendant Meredith allowed other inmates to discover that he was testifying against another prisoner. In Claim 4(C), Plaintiff alleges that Defendant Meredith failed to secure his cell, which resulted in the vandalism of his personal property. Plaintiff does not allege any resulting physical or emotional injury rising to constitutional levels. Accordingly, it is RECOMMENDED that Claims 4(A) and 4(C) be DISMISSED.

Plaintiff also alleges that he was retaliated against for exercising his rights. For an inmate to state a colorable claim of retaliation under § 1983, the allegedly retaliatory action must have been taken to deter the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Plaintiff fails to

specify what constitutional right defendants retaliated against him for exercising, and he has no constitutional right to any specific classification. Because an allegedly improper classification undergirds plaintiff's claim, it is therefore RECOMMENDED that Claim Five be DISMISSED.

Plaintiff does not argue that Defendant Asuncion violated any federally protected right. Moreover, because Plaintiff does not allege that Defendant Asuncion caused him any physical injuries, he may not recover monetary damages. 42 U.S.C. § 1997e(e). Plaintiff seeks only monetary damages. It is therefore RECOMMENDED that Claim Six be DISMISSED, and that Defendant Asuncion be DISMISSED as a party.

Finally, in Claim Seven Plaintiff alleges that a mentally ill inmate in his cellblock verbally abused him until Plaintiff felt as if he were having a stroke.[5] While Plaintiff was on his way to the infirmary, the inmate, who suffers from AIDS, threw urine into his face. At the infirmary, a prison doctor discovered that Plaintiff's blood pressure was high, but took no other action. Plaintiff has not alleged that his placement in a cellblock for mentally ill prisoners resulted in the sort of "serious or significant physical or emotional injury" necessary to establish an Eighth Amendment violation. *Strickler*, 989 F.2d at 1381; *see also Fackler v. Dillard*, No. 06CV10466, 2006 WL 2404498, at *3 (E.D. Mich. Aug. 16, 2006) (splashing urine on prisoner not enough to establish Eighth Amendment violation). Similarly, Plaintiff cannot recover monetary damages because he has alleged at most a *de minimis* physical injury. *See Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631-32 (5th Cir. 2003); *Mitchell v. Horn*, 318 F.3d 523, 534-36 (3d Cir. 2003). It is therefore RECOMMENDED that Claim Seven be DISMISSED. It is further recommended that Defendants Lanteigne and Mirelas be DISMISSED as parties.

---

[5] Plaintiff does not specify any symptoms he experienced.

9

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff. And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 12/22/08
Richmond, Virginia