

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KERRY LEE WINSLOW,**

 Plaintiff,

v.                  Civil Action No. **3:08CV184**

**GENE M. JOHNSON,** *et al.,*

 Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. On March 18, 2009, the Court dismissed all but one of Plaintiff's claims. Only one claim remains:

>Claim 4(b)   Defendant Meredith subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment by smashing Plaintiff's face into the wall.[1]

Currently before the Court is Defendant Meredith's motion for summary judgment, along with various motions. This matter is ripe for decision.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is to be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[W]here the

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* Fed. R. Civ. P. 56(c) and 56(e) (1986) (amended 2007)). When reviewing a summary judgment motion, a court "must draw all justifiable inferences in favor of the nonmoving party . . . ." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Defendant has supported his motion for summary judgment with affidavits, records, and a recording of the incident taken from the Virginia Beach Correctional Center's ("VBCC") security system. Plaintiff has submitted his sworn declaration, along with copies of medical records and grievances and requests. In light of the foregoing principles and submissions, the following facts are established for purposes of the motion for summary judgment.

## II. SUMMARY OF PERTINENT FACTS

On February 12, 2008, Plaintiff was incarcerated at VBCC. Defendant Meredith and another officer removed Plaintiff from his cell block for a court appearance. Defendant Meredith conducted a pat-down search of Plaintiff as he exited. Plaintiff handed Defendant Meredith some handwritten notes that he intended to take to Court. Plaintiff was then handcuffed.

The parties' accounts of events diverge sharply at this point. Plaintiff claims that Defendant Meredith read Plaintiff's notes aloud, disclosing that Plaintiff intended to testify

against other inmates. When Plaintiff protested, Defendant Meredith smashed Plaintiff's head into the wall. Defendant Meredith, in a state of rage, tried to pull Plaintiff to the ground by his pants leg. Defendant Meredith left Plaintiff's notes on the cell floor, where other inmates read them.

Defendant Meredith contends that he did not read the notes aloud. Instead, he merely reviewed the notes before handing them to the other officer. Plaintiff became agitated when Defendant Meredith informed him that jail regulations prohibited taking handwritten notes to court. Plaintiff turned around to face Defendant Meredith. Defendant Meredith asked Plaintiff to turn back around, and then placed his hand on Plaintiff's shoulder and turned him back towards the wall.[2]

Plaintiff claims that Defendant Meredith refused to let him seek medical attention after the assault, while Defendant Meredith claims that Plaintiff never asked. Defendant Meredith has produced authenticated medical records that demonstrate that Plaintiff was seen on February 27, 2008, and given Motrin. Plaintiff avers that he "told to medical the specifics of the incident, bruises on the right arm, and swelling of the lower eyelid, [but] nothing was done." (Pl.'s Br. Resp. Mot. Summ. J. Ex. 2, Winslow Dec., ¶ 9.) Defendant Meredith's records also show a second examination on March 3, 2008, during which Plaintiff was prescribed artificial tears. Plaintiff avers that medical staff gave him artificial tears after he informed them that Defendant

---

[2] Defendant Meredith submitted video of the event from VBCC's security system. However, the video does not clearly show what happened. This is partly due to the positioning of another inmate between the camera and Plaintiff, and partly due to the poor quality of the video. The video shows only jerky motions, and fails to unequivocally demonstrate that Defendant Meredith was justified in his use of force, or that the force was *de minimis*. The parties each interpret the video to support their own version of the event.

3

Meredith's assault had caused problems with his left eye. Plaintiff was subsequently diagnosed with entropion,[3] and had eyelid surgery at some point in 2009. Plaintiff claims that Defendant Meredith's assault aggravated existing scar tissue on Plaintiff's left eye and caused the entropion, as well as ongoing pain.

## III. ANALYSIS

To survive summary judgment on an Eighth Amendment claim, an inmate must demonstrate: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) (*quoting Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

In the context of an alleged use of excessive force, whether the prison official acted with a sufficiently culpable state of mind "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Hudson*, 503 U.S. at 6 (*quoting Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether prison officials have acted maliciously and sadistically, a court should balance: (i) "'the need for the application of force,'" (ii) "'the relationship between the need and the amount of force that was used,'" (iii) the threat reasonably perceived by the responsible officials, and (iv) "any efforts made to temper the severity of a forceful response."

---

[3] Entropion is a condition causing the eyelids to fold into the eye, causing the lashes and eyelids to make contact with the eye.

4

*Whitley*, 475 U.S. at 321 (*quoting Johnson v. Glick* 481 F.2d 1028, 1033 (2d Cir. 1973)). The absence of serious injury is also a relevant, but not dispositive, factor to be considered in the subjective analysis. *Hudson*, 503 U.S. at 7.

The objective component requires this Court to determine "if the alleged wrongdoing is objectively 'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (*quoting Wilson*, 501 U.S. at 298, 303). Defendants rely on *Norman v. Taylor* and its progeny for the proposition that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis.*" *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc). The Supreme Court, however, has recently rejected *Norman*'s *de minimis* threshold. *See Wilkins v. Gaddy*, --- U.S. ----, 2010 WL 596513, at *2-4 (U.S. Feb 22, 2010). The level of force used determines whether an inmate's constitutional rights were violated, not the injury sustained. *Id.* at *3 (explaining that "[i]njury and force . . . are only imperfectly correlated . . . . [a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury"). While injury might suggest that a defendant used excessive force, no particular "quantum of injury" is necessary. *Id.* at *2. Thus, it is the level of force used that must be greater than *de minimis*, and not the resulting injury. *Id.* (*quoting Hudson*, 503 U.S. at 7.

Plaintiff has submitted evidence from which a rational trier of fact could conclude that Defendant Meredith acted maliciously. Plaintiff's evidence tends to show that there was little or no need to apply force, but that Defendant Meredith nevertheless smashed Plaintiff's face into the wall without restraint. Defendant, on the other hand, has failed to identify and apply the

factors for determining whether a use of force was reasonable. With respect to the objective component, Plaintiff has produced evidence demonstrating that Defendant applied greater than *de minimis* force. Because there remains a genuine issue of material fact as to what occurred during the altercation, summary judgment on the issue of qualified immunity is inappropriate. *See, e.g., Rainey v. Conerly*, 973 F.2d 321, 324 (4th Cir. 1992) (affirming denial of summary judgment on issue of qualified immunity where "a determination of what actually happened is absolutely necessary to decide whether [defendant] could reasonably have believed that his actions were lawful"). Defendant Meredith's motion for summary judgment (Docket No. 61) will be DENIED.

## IV. OTHER OUTSTANDING MOTIONS

On May 7, 2009, Plaintiff filed a motion for extension of time for service of process. Because Defendant Meredith has been served and does not challenge the sufficiency or timeliness of service, Plaintiff's motion for an extension of time (Docket No. 49) will be DENIED AS MOOT. Plaintiff has also filed a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure seeking a continuance while he obtains affidavits in support of his opposition to Defendant Meredith's motion for summary judgment. Because resolution of this motion for summary judgment requires no such affidavits, Plaintiff's Rule 56(f) motion (Docket No. 66) is DENIED.

Plaintiff has filed two motions for appointment of counsel. Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). This action presents no complex issues or exceptional circumstances.

Additionally, Plaintiff's pleadings demonstrate that he is competent to represent himself in the action. Plaintiff's motions to appoint counsel (Docket Nos. 46, 67) will be DENIED WITHOUT PREJUDICE.

The parties have also filed a series of motions in the wake of Plaintiff's request for discovery. Plaintiff's renewed motion for production of documents (Docket No. 70) will be DENIED because he has failed to include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Defendant Meredith has filed a motion requesting the Court to stay all discovery until after the Court evaluates his qualified immunity defense. Defendant's motion to stay discovery (Docket No. 68) will be DENIED because discovery is now appropriate.

This matter will be REFERRED to the Honorable M. Hannah Lauck for further proceedings. The undersigned District Judge will retain jurisdiction over the final disposition of this action.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Richard L. Williams
United States District Judge

Date: MAR 2 3 2010
Richmond, Virginia