IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KERRY LEE WINSLOW,

    Plaintiff,

v.                                                      Civil Action No. **3:08cv184**

GENE M. JOHNSON, *ET AL.*,

    Defendants.

## MEMORANDUM OPINION

On March 21, 2008, Kerry Lee Winslow, a Virginia prisoner proceeding *pro se*, filed an action pursuant to 42 U.S.C. § 1983 making multiple claims against multiple defendants. By Memorandum Opinion and Order entered on March 18, 2009, this Court dismissed all of Winslow's claims except for Claim 4(B)—a claim that Defendant Meredith subjected Winslow to cruel and unusual punishment in violation of the Eighth Amendment[1] by "smashing [Winslow's] face into the wall." *Winslow v. Johnson*, No. 3:08CV184, 2009 WL 743437, at *2, 7 (E.D. Va. Mar. 18, 2009).

The Court referred Claim 4(B) "to the [Magistrate Judge] M. Hannah Lauck for further proceedings." *Winslow v. Johnson*, No. 3:08CV184, 2010 WL 2931013, at *1 (E.D. Va. July 22, 2010). On April 28, 2010, Winslow advised the Court that he was no longer incarcerated. Thereafter, Winslow stopped communicating with the Court. "On June 30, 2010, the Honorable M. Hannah Lauck issued a Report and Recommendation recommending that Plaintiff's remaining claim be dismissed without prejudice for Plaintiff's failure to respond to the Court's order to submit documentary evidence in anticipation of an evidentiary hearing." *Id.* (citing Fed.

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

R. Civ. P. 41(b)). On July 22, 2010, by Memorandum Opinion and Order, the Court accepted the June 30, 2010 Report and Recommendation and dismissed Claim 4(B) without prejudice. *Id.*

On April 18, 2012, the Court received a letter motion from Winslow ("Letter Motion" (Docket No. 92)) informing this Court that Winslow is "now incarcerated once again." (Letter Mot. 1.) Winslow's Letter Motion "request[s] the steps in which [*sic*] I need to take" to "pursue my case again." (*Id.*)

To the extent that Winslow wishes to challenge this Court's July 22, 2010 Memorandum Opinion and Order, he must unequivocally do so by a motion pursuant to Federal Rule of Civil Procedure 60(b). Any motion pursuant to Rule 60(b) must identify the specific sub-section that authorizes the relief Winslow requests at this juncture. If Winslow desires to re-file the action, he must do so by filing a new complaint which will be docketed under a new civil action number. To the extent that Winslow requests any relief in his Letter Motion, the Letter Motion (Docket No. 92) will be DENIED.

Winslow also requests that the Court appoint counsel to assist him ("Motion to Appoint Counsel" (Docket No. 91)). In cases under 42 U.S.C. § 1983, the Court need not appoint counsel unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). At this stage, it appears that none of the issues involved are so complex nor the circumstances so exceptional as to warrant the appointment of counsel. Accordingly, Winslow's Motion to Appoint Counsel (Docket No. 91) will be DENIED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 7/30/12
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge