IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KERRY LEE WINSLOW,**

    Plaintiff,

v.                                                                                       Civil Action No. **3:08cv184**

**GENE M. JOHNSON,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

On March 21, 2008, Kerry Lee Winslow, a Virginia prisoner proceeding *pro se*, filed an action pursuant to 42 U.S.C. § 1983 making multiple claims against multiple defendants. By Memorandum Opinion and Order entered on March 18, 2009, this Court dismissed all of Winslow's claims except for Claim 4(B). *Winslow v. Johnson*, No. 3:08CV184, 2009 WL 743437, at *7 (E.D. Va. Mar. 18, 2009).

The Court referred Claim 4(B) "to the [Magistrate Judge] M. Hannah Lauck for further proceedings." *Winslow v. Johnson*, No. 3:08CV184, 2010 WL 2931013, at *1 (E.D. Va. July 22, 2010). On April 28, 2010, Winslow advised the Court that he was no longer incarcerated. Thereafter, Winslow stopped communicating with the Court. "On June 30, 2010, the Honorable M. Hannah Lauck issued a Report and Recommendation recommending that Plaintiff's remaining claim be dismissed without prejudice for Plaintiff's failure to respond to the Court's order to submit documentary evidence in anticipation of an evidentiary hearing." *Id.* (citing Fed. R. Civ. P. 41(b)). On July 22, 2010, by Memorandum Opinion and Order, the Court accepted the June 30, 2010 Report and Recommendation and dismissed the remaining claim and the action without prejudice. *Id.*

On May 9, 2013, the Court received Winslow's motion pursuant to Federal Rule of Civil Procedure 60(b)(1) & (6) ("Rule 60(b) Motion" (ECF No. 97)) challenging the Court's July 22, 2010 Memorandum Opinion and Order.

The Federal Rules of Civil Procedure require Rule 60(b)(1) movants to file their motions "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Winslow challenges this Court's July 22, 2010 Memorandum Opinion and Order. Thus, Rule 60(c)(1) required Winslow to file any Rule 60(b)(1) motion by July 22, 2011. Winslow filed the Rule 60(b) Motion on May 3, 2013. Accordingly, the Court will deny Winslow's Rule 60(b)(1) Motion as untimely.

For Rule 60(b)(6) motions, movants must file their motions "within reasonable time." Fed. R. Civ. P. 60(c)(1). The Court denied Winslow's § 1983 action on July 22, 2010. Winslow filed his Rule 60(b)(6) Motion almost three years later and only pursues the action due to his reincarceration. (Rule 60(b) Mot. (ECF No. 97) 2.) While Winslow argues that he "tried in every aspect that I personally could muster to gain judicial review of the assault" (*id.* at 4), Winslow failed to communicate that purported interest to the Court until April 2012. Winslow then waited an additional nine months to file his Rule 60(b)(6) Motion. Winslow fails to provide a valid reason for the nearly three-year delay in bringing his Rule 60(b)(6) Motion. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) (emphasis added) (citing cases for the proposition that "a Rule 60(b) motion is not timely brought when it is made *three to four months* after the original judgment and no valid reason is given for the delay"). Accordingly, the Court will deny the Rule 60(b)(6) Motion as untimely.


An appropriate Final Order shall issue.

Date: 10/21/13
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge